IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS, C/O RICHARD BROWN;<br><br>  Plaintiff,<br><br>v.<br><br>BOTIE HILLHOUSE,<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.  6:23-CV-00212-JCB |
| JAY WILLIAMS, C/O CHARLES WILLIAMS;<br><br>  Plaintiff,<br><br>v.<br><br>NANCY PERRYMAN,<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.  6:23-CV-00214-JCB |
| JAY WILLIAMS, C/O CHARLES WILLIAMS;<br><br>  Plaintiff,<br><br>v.<br><br>BOTIE HILLHOUSE,<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.  6:23-CV-00215-JDK |

1

| | | |
|---|---|---|
| **JAY WILLIAMS, C/O HAILIE WILLIAMS;** | § § § § § § § § § § § | |
| **Plaintiff,** | | **CIVIL ACTION NO.  6:23-CV-00216-JDK** |
| v. | | |
| **BOTIE HILLHOUSE,** | | |
| **Defendant.** | | |

| | | |
|---|---|---|
| **JAY WILLIAMS,** | § § § § § § § § § § § | |
| **Plaintiff,** | | **CIVIL ACTION NO.  6:23-CV-00219-JCB** |
| v. | | |
| **G. SHINE,** | | |
| **Defendant.** | | |

| | | |
|---|---|---|
| **JAY WILLIAMS,** | § § § § § § § § § § § | |
| **Plaintiff,** | | **CIVIL ACTION NO.  6:23-CV-00220-JDK** |
| v. | | |
| **RACHEL WATTS,** | | |
| **Defendant.** | | |

2

| | | |
|---|---|---|
| **JAY WILLIAMS,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 6:23-CV-00222-JCB** |
| **v.** | § § | |
| **CODY BARNETT,** | § § § | |
| **Defendant.** | § | |

| | | |
|---|---|---|
| **JAY WILLIAMS,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 6:23-CV-00223-JDK** |
| **v.** | § § | |
| **PRESTON JORDAN,** | § § § | |
| **Defendant.** | § | |

| | | |
|---|---|---|
| **JAY WILLIAMS,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 6:23-CV-00230-JDK** |
| **v.** | § § | |
| **BOTIE HILLHOUSE,** | § § § | |
| **Defendant.** | § | |

| | |
|---|---|
| **JAY WILLIAMS,** § | |
| § | |
| **Plaintiff,** § | **CIVIL ACTION NO.  6:23-CV-00236-JDK** |
| § | |
| v. § | |
| § | |
| **CLINT DAVIS,** § | |
| § | |
| **Defendant.** § | |

## REPORT AND RECOMMENDATION

Plaintiff Jay Williams is an inmate currently incarcerated in the Henderson County Jail. On May 1, 2023, proceeding pro se, he filed twenty civil actions pursuant to 42 U.S.C. § 1983 against various governmental officers and employees, including the above-captioned civil actions. *See* Case Nos. 6:23-cv-211, 6:23-cv-212, 6:23-cv-213, 6:23-cv-214, 6:23-cv-215, 6:23-cv-216, 6:23-cv-217, 6:23-cv-218, 6:23-cv-219, 6:23-cv-220, 6:23-cv-221, 6:23-cv-222, 6:23-cv-223, 6:23-cv-224, 6:23-cv-225, 6:23-cv-226, 6:23-cv-227, 6:23-cv-228, 6:23-cv-229, 6:23-cv-230. Additionally, Plaintiff had previously filed a § 1983 case on March 27, 2023 (Case No. 6:23-cv-151), as well as a later filed action on May 4, 2023 (Case No. 6:23-cv-236). In all, Plaintiff has twenty-two civil rights actions pending before this court. He has not paid the filing fee or submitted a motion to proceed *in forma pauperis* ("IFP") in any of the pending cases.

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Section 1915A applies regardless of whether the plaintiff has paid a

filing fee or is proceeding IFP. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) ("The plain language of [§ 1915A] . . . indicates that it applies to any suit by a prisoner regardless of whether that prisoner is or is not proceeding IFP.").

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather,

5

the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

## DISCUSSION

### I. Cases Against Botie Hillhouse (Case Nos. 6:23-cv-212, 6:23-cv-215, 6:23-cv-216, 6:23-cv-230)

Plaintiff has brought four of the above-captioned cases against Henderson County Sheriff Botie Hillhouse. *See* Case Nos. 6:23-cv-212, 6:23-cv-215, 6:23-cv-216, 6:23-cv-230. As an initial matter, three of the cases, 6:23-cv-212, 6:23-cv-215, 6:23-cv-216, are brought by Mr. Williams on behalf of other individuals—Richard Brown, Charles Williams, and Hailie Williams. Mr. Williams, as a non-attorney proceeding pro se, cannot bring claims on behalf of Richard Brown, Charles Williams, and Hailie Williams. Appearances in federal court are governed by 28 U.S.C. § 1654, which only permits parties to "plead and conduct their own cases personally or by counsel." Thus, while an individual may proceed pro se in civil actions in federal court, those not licensed to practice law may not represent the legal interests of others. *Id.*; *see also Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). Mr. Williams cannot engage in the unauthorized practice of law by bringing claims on behalf of other individuals. Moreover, Mr. Williams has not pleaded any

allegations to establish "next friend" status on behalf these individuals and "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Weber*, 570 F.2d at 514. Thus, the court finds that the filing of these actions on behalf of other individuals is frivolous under § 1915A(b)(1).

Furthermore, in each of these cases, citing the Bible and other inapplicable sources of authority, the allegations merely demand "immediate release from false imprisonment." *See* Case Nos. 6:23-cv-212 (Doc. No. 1, at 2), 6:23-cv-215 (Doc. No. 1, at 2), 6:23-cv-216 (Doc. No. 1, at 2), 6:23-cv-230 (Doc. No. 1, at 2). Plaintiff has already asserted his claims for false imprisonment on behalf of himself and others against Defendant Botie Hillhouse in his previously filed, and currently pending case, case number 6:23-cv-151. *See* Case No. 6:23-cv-151 (Doc. No. 1). As such, Plaintiff's repetitive filing of the same threadbare claims is malicious. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (holding that under § 1915(d) it was "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."); *see also Rhine v. Schmidt*, 517 F. App'x 274 (5th Cir. 2013) (holding that a complaint that was duplicative of a previously filed claim in another case was malicious under § 1915A(b)(1) and should have been dismissed without prejudice); *Scroggins v. Winn Corr. Ctr.*, 693 F. App'x 343, 344 (5th Cir. 2017) ("[a] prisoner's civil rights action is subject to dismissal as malicious if it repeats virtually identical claims based on a common series of occurrences.").

In sum, Plaintiff's pro se cases brought on behalf of other individuals, case numbers 6:23-cv-212, 6:23-cv-215, 6:23-cv-216, should be dismissed with prejudice as frivolous pursuant to § 1915A(b)(1). Plaintiff's duplicative filing of claims for false imprisonment against Defendant Botie Hillhouse in case number 6:23-cv-230 should be dismissed without prejudice to the

7

prosecution of Plaintiff's previously filed action, 6:23-cv-151, as this filing is malicious under § 1915A(b)(1).

    **II.**    **Case Against Nancy Perryman (Case No. 6:23-cv-214)**

Plaintiff alleges the same allegations regarding "immediate release for false imprisonment" against Nancy Perryman in case number 6:23-cv-214. (Doc. No. 1, at 2.) Plaintiff seeks $3,000,000 per offense. *Id.* Again, as an initial matter, the claims are brought by Mr. Williams on behalf of another individual—Charles Williams. Mr. Williams, as a non-attorney proceeding pro se, cannot bring claims on behalf of Charles Williams. As discussed above, appearances in federal court are governed by 28 U.S.C. § 1654, which only permits parties to "plead and conduct their own cases personally or by counsel." Mr. Williams cannot engage in the unauthorized practice of law by bringing claims on behalf of another individual. Moreover, Mr. Williams has not pleaded any allegations to establish "next friend" status on behalf Charles Williams and "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Weber*, 570 F.2d at 514 (5th Cir. 1978). For this reason, the filing of this action on behalf of another individual renders it frivolous under § 1915A(b)(1).

Further, as a judge in Henderson County Court of Law, the claims against Nancy Perryman are subject to judicial immunity. Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, meaning that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221–22 (5th Cir. 2009). For these reasons, Plaintiff's claims against Nancy Perryman in case number 6:23-cv-214 should be dismissed with prejudice as frivolous pursuant to § 1915A(b)(1).

    **III.**    **Case Against Clint Davis (Case No. 6:23-cv-236)**

Plaintiff has additionally brought a case against Henderson County attorney, Clint Davis, for failure to prosecute the alleged fraudulent foreclosure of Plaintiff's property. (Doc. No. 1.) Plaintiff requests that all of his family be immediately released from false imprisonment, that his credit and reputation be restored, and requests $3,000,000 in monetary damages. *Id.* at 3.

Any claims for failure to prosecute against Clint Davis are barred because "[a] prosecutor is absolutely immune from suit for any acts taken within the scope of his prosecutorial role." *See Harrell v. Rosenthal*, No. 08-20120, 2008 WL 4649067, at *1 (5th Cir. Oct. 21, 2008). State prosecutors are absolutely immune for their actions intimately associated with the judicial process, including their actions in deciding whether to prosecute. *See Bibb v. Montgomery Cnty. Sheriff*, Civ. A. No. H-13-3736, 2014 WL 3828232, at *8 (S.D. Tex. July 30, 2014) ("[A] prosecutor is entitled to absolute immunity for his action in commencing a prosecution and all actions during the course and scope of the prosecution, even against charges that he acted 'maliciously, wantonly, or negligently.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). Here, even liberally construing Plaintiff's allegations, Plaintiff fails to allege specific facts to overcome prosecutorial immunity. Moreover, Plaintiff has no constitutional right to have anyone investigated or prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) ("Contrary to Oliver's contention, he does not have a constitutional right to have someone criminally prosecuted."); *Van Meter v. Warder*, No. 3-06-CV-0431-L, 2006 WL 8436927, at *2 (N.D. Tex. June 22, 2006), *report and recommendation adopted*, No. 3:06-CV-0431-L, 2006 WL 8436928 (N.D. Tex. July 19, 2006) ("[T]he court sua sponte notes that a private citizen has no right to have someone criminally prosecuted or investigated."). As such, Plaintiff has failed to state a claim in case number 6:23-cv-236 for purposes of § 1915A(b)(1), and this case should be dismissed with prejudice.

**IV.     Remaining Cases (Case Nos. 6:23-cv-219, 6:23-cv-220, 6:23-cv-222, 6:23-cv-223)**

Plaintiff's remaining four cases before the undersigned are against Defendants G. Shine, Rachel Watts, Cody Barnett, and Preston Jordan. (Case Nos. 6:23-cv-219, 6:23-cv-220, 6:23-cv-222, 6:23-cv-223). Plaintiff's allegations fail to identify who these individuals are with respect to his alleged claims. Moreover, the allegations are identical to those he brings against Botie Hillhouse and Nancy Perryman. He seeks "immediate release from false imprisonment." *See* Case Nos. 6:23-cv-219 (Doc. No. 1, at 2), 6:23-cv-220 (Doc. No. 1, at 2), 6:23-cv-222 (Doc. No. 1, at 2), 6:23-cv-223 (Doc. No. 1, at 2). These threadbare allegations fail to state a claim. *Iqbal,* 556 U.S. at 678.

In order to state a plausible claim for relief, a pleading must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed.R.Civ.P. 8. Plaintiff has not pleaded a single fact in his complaints, as required under the second prong of Rule 8. Setting forth a laundry list of "acts" and other extraneous sources, without any information to explain how Plaintiff was injured as a result of an alleged violation of those "acts," is insufficient to set forth a claim for relief. Plaintiff must meet the Rule 8 requirements, and he must do so with particularity, providing sufficient facts supporting his allegations. *See Twombly*, 550 U.S at 545 (interpreting Rule 8); *see also Iqbal*, 556 U.S. at 684–85 (applying *Twombly* generally to civil actions pleaded under Rule 8). Allegations that are implausible and unsupported by facts or evidence are insufficient to state a claim. *Id.* Plaintiff must include enough information to support each request for relief so that the named Defendants can understand the claims that are being brought against them and how they allegedly caused Plaintiff's harm. Plaintiff has failed to do so here as he has failed to allege a constitutional violation or a basis for which these unknown defendants could be sued pursuant to § 1983. *See Douthit v. Jones*, 619 F.2d

527, 532 (5th Cir. 1980) ("[t]o establish a cause of action under § 1983, [] a party must [] show that the defendant, while acting under color of law, deprived him of a right secured by the Constitution and laws of the United States") (internal quotations omitted).[1] As such, Plaintiff has failed to state a claim in case numbers 6:23-cv-219, 6:23-cv-220, 6:23-cv-222, and 6:23-cv-223, and the claims should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Having conducted screening pursuant to § 1915A, the court finds that each of the above-captioned actions should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Although a court should allow a pro se plaintiff every reasonable opportunity to amend his pleadings, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998), Section 1915A does not require that a plaintiff be given notice of an impending dismissal. Moreover, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); *see also Cockerham v. Jackson*, No. CV SA-17-CA-463-DAE, 2017 WL 8794288, at *2 (W.D. Tex. June 13, 2017) (finding that a show cause order advising the plaintiff of the deficiency of his allegations and giving the plaintiff an opportunity to amend would be pointless given the frivolous nature of the allegations).

Given that Plaintiff has asserted the same threadbare legal conclusions in twenty different cases filed before this court in one single day, the court has serious doubts as to Plaintiff's desire or ability to assert a plausible claim in any of these actions. Plaintiff's repeated filing of frivolous

---

[1] To the extent Plaintiff intended to allege a common law claim for false imprisonment under Texas law, such a claim would require a showing of: (1) willful detention, (2) without consent, and (3) without authority of law. *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985). Such a claim has not been adequately pleaded. Moreover, without a constitutional violation alleged, the court should decline to exercise supplemental subject matter jurisdiction over such a claim upon dismissal of any federal claim. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline supplemental jurisdiction over other claims when it has dismissed all claims over which it has original jurisdiction).

actions is an abuse of the judicial process. The court foresees no scenario in which going through twenty deficiency orders would be anything other than pointless given the nature of Plaintiff's allegations and his abusive filings. *See Cockerham*, 2017 WL 8794288, at *2. Plaintiff has only since continued his pattern of behavior by filing additional frivolous actions. *See* Case No. 6:23-cv-236 (discussed above). As such, these actions are ripe for dismissal. The dismissal of *each* of the above-captioned cases shall count as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534–41 (2015).

## CONCLUSION

For the reasons discussed herein, the court **RECOMMENDS** that case numbers 6:23-cv-212, 6:23-cv-214, 6:23-cv-215, 6:23-cv-216, and 6:23-cv-236 should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as set forth herein. The court **RECOMMENDS** that case numbers 6:23-cv-219, 6:23-cv-220, 6:23-cv-222, 6:23-cv-223, and 6:23-cv-230 should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as set forth herein. The court further **RECOMMENDS** that the dismissal of each of the above-captioned cases shall count as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba*, 103 F.3d 383.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 12th day of May, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE