IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JAY WILLIAMS, c/o CHARLES WILLIAMS, <br><br>　　　Plaintiff, <br><br>v. <br><br>BOTIE HILLHOUSE, <br><br>　　　Defendant. | §§§§§§§§§§§§ Case No. 6:23-cv-215-JDK-JDL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jay Williams filed this pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On May 12, 2023, Judge Love issued a Report recommending that the Court dismiss this case with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Docket No. 3. The Magistrate Judge further recommended that dismissal of this case should count as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534–41 (2015). No objections to the Report were filed by the applicable deadline. Plaintiff did, however, file a handwritten coupon as an ostensible attempt to pay the filing fee in this matter and a demand for administrative action. Docket Nos. 4, 5.

1

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, Plaintiff did not object in the prescribed period.  The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law.  *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having reviewed the Magistrate Judge's Report and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to law.  The Court agrees that Plaintiff's duplicative, frivolous, and malicious filings are an abuse of the judicial process.  Plaintiff has filed numerous cases with the same deficiencies.  *See, e.g.*, Case Nos. 6:23-cv-256, 6:23-cv-257, 6:23-cv-258, 6:23-cv-260, 6:23-cv-263, 6:23-cv-298, 6:23-cv-300, and 6:23-cv-301.  Moreover, as Plaintiff has been made aware, filing a handwritten "coupon" is not an acceptable form of payment and does not impact the Court's screening pursuant to 28 U.S.C. § 1915A.  *See* Case No. 6:23-cv-258, Docket No. 3.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 3) as the findings of this Court. It is therefore **ORDERED** that this case is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The dismissal of this case under § 1915A(b)(1) as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba*, 103 F.3d at 388. Plaintiff is warned that if he accumulates three strikes, he will not be permitted to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

So **ORDERED** and **SIGNED** this **28th** day of **June, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE